Clerk's Office
Filed Date: 7/11/23

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RAMON LOPEZ,

                Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF CORRECTIONS DEPUTY WARDEN FLOYD PHIPPS (SHIELD 573), ASSISTANT DEPUTY WARDEN JOHN LOUDEN (SHIELD 1350), ASSISTANT DEPUTY WARDEN HAFIZUR RAHMAN (SHIELD 1337), C.O. ROBERT JAMERSON-OLIVER (SHIELD 11888), CAPTAIN PATRICK REMY (SHIELD 572), C.O. JERREL MITCHELL (SHIELD 11652), PA KERNOLD ALVES, C.O. KENYATTA NICHOLSON (SHIELD 17791), C.O. GABRIEL ALOGU (SHIELD 6804), C.O. MARK LOPEZ (SHIELD 5260), C.O. JOHN DOE #1, C.O. JOHN DOE #2, and C.O. JOHN DOE #3,

                Defendants.

**ORDER**
18-CV-3605 (MKB) (CLP)

---

MARGO K. BRODIE, United States District Judge:

    Plaintiff Ramon Lopez, proceeding pro se, commenced the above-captioned action on June 20, 2018 against three John Doe defendants and six named Defendants who were employed by the New York City Department of Corrections ("NYCDOC") seeking declaratory relief and damages for the "deprivation of [his] rights" under the Fifth, Eighth and Fourteenth Amendments to the Constitution, and violations of the New York State Constitution. (Compl. ¶ 1, Docket Entry No. 1.) On July 18, 2019, Plaintiff filed a Second Amended Complaint ("SAC"), (SAC, Docket Entry No. 9), and on November 1, 2022, filed a Third Amended Complaint ("TAC"), (TAC, Docket Entry No. 31), at the Court's direction.  On December 28, 2022, Magistrate Judge

Cheryl L. Pollak ordered Plaintiff to advise the Court by January 13, 2023 whether he had served any of the Defendants with the Third Amended Complaint, and if so, to file proof of service by that date. (Order of Dec. 28, 2022, Docket Entry No. 34.) Plaintiff failed to do so and on March 13, 2023, the Court entered a sua sponte report and recommendation recommending the dismissal of the action for failure to prosecute (the "R&R"). (R&R, Docket Entry No. 35.) Judge Pollak recommended that if Plaintiff does not contact the Court by April 12, 2023, the Court dismiss the case for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (R&R 2.) Plaintiff failed to contact the Court by April 12, 2023.

No objections to the R&R have been filed and the time for doing so has passed.

I. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); see also *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their

2

failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1). The Court dismisses the case for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b).

## II. Conclusion

Accordingly, the Court adopts the R&R in its entirety and dismisses the case for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to close this case.

Dated: July 11, 2023
   Brooklyn, New York

               SO ORDERED:

               /s/ MKB
               MARGO K. BRODIE
               United States District Judge